UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                      Case No. 15-20783

Leroy Cannon,                  Sean F. Cox
                                                       United States District Court Judge

    Defendant.
_____/

**OPINION AND ORDER
GRANTING MOTION FOR COMPASSIONATE RELEASE
PURSUANT TO 18 U.S.C § 3582(c)**

In 2017, Defendant Leroy Cannon ("Cannon") pleaded guilty to distribution of heroin and this Court sentenced him to 188 months' imprisonment. Cannon is expected to be released in 2028.

Cannon is now seventy-one years old and suffers from diabetes, Stage-3 chronic kidney disease, obesity, hypertension, high cholesterol, and gout. Acting through counsel, he now moves for compassionate release, arguing that he is at risk of developing life-threatening symptoms if he contracts the novel coronavirus ("COVID-19"). The Government concedes that Cannon's age, medical conditions and the threat of COVID-19 combine to form "extraordinary and compelling reasons" for Cannon's release, but opposes Cannon's release on the grounds that he is a danger to the community and because the § 3553(a) factors do not favor release. The Court held a hearing on this motion on September 25, 2020.

For the reasons below, the Court will grant Cannon's motion, reduce his custodial sentence to time served, and impose a new term of supervised release equal to the undischarged

1

portion of his custodial sentence. Cannon shall be confined to his residence as a condition of his new term of supervised release.

## BACKGROUND

In this criminal action, Cannon pleaded to Count Two of the Superceding Indictment, which charged him with distribution of heroin in violation of 21 U.S.C. § 841(a)(1).

On September 23, 2016, this Court imposed a bottom-of-the-Guidelines-sentence of 188 months' imprisonment. (ECF No. 45). Cannon appealed the Court's judgment but later voluntarily dismissed his appeal. (ECF No. 48). According to the Bureau of Prisons's website, Cannon is expected to be released on December 31, 2028.

On May 27, 2020, Cannon moved for compassionate release based on his age, medical conditions, and COVID-19. (ECF No. 55). The Government opposed this motion, asserting that Cannon had failed to exhaust his administrative remedies. (ECF No. 57). The Court agreed that Cannon had not met his burden to show that he had exhausted his administrative remedies and denied Cannon's motion without prejudice. (ECF No. 58).

On July 25, 2020, Cannon filed a second motion for compassionate release, asserting that he has now exhausted his administrative remedies. (ECF No. 62). The Government opposes Cannon's current motion on procedural grounds and on the merits. As to procedure, the Government asserts that Cannon has still not properly exhausted his administrative remedies because he only sought home confinement, not compassionate release. As to the merits, the Government concedes that Cannon presents "extraordinary and compelling reasons" that justify compassionate release during the COVID-19 pandemic. However, the Government argues that Cannon remains a danger to the community under § 3142(g) and that the § 3553(a) factors do not favor release.

On September 25, 2020, the Court held a hearing on Cannon's motion, using Zoom videoconference technology.

## ANALYSIS

**I.     Exhaustion**

As a threshold matter, the Government argues that Cannon's motion should be denied without prejudice because he did not exhaust his administrative remedies before filing it.

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" The United States Court of Appeals for the Sixth Circuit examined the nature of these prerequisites for a defendant to properly file a motion for compassionate release. In *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule. *Id*. at 833. If a defendant fails to comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and deny the motion without prejudice. *Id*. at 834, 836. The Court may not craft an exception to this statutory exhaustion requirement, even for a motion filed because of a legitimate fear of COVID-19. *Id*. at 834.

Here, the Government provides an email exchange that Cannon had with BOP officials about a March 31, 2020 "cop-out" that he gave his case manager. In an email, Cannon asks "whether or not [he] qualif[ies] for Home Confinement as requested in [his] cop-out." (ECF No. 62-2, PageID 324). The Government asserts that this email exchange shows that Cannon sought home confinement, not compassionate release.

3

In reply, Cannon provides a copy of the request that he sent BOP authorities on March 31, 2020. (ECF No. 65-1). In this request, Cannon specifically requests compassionate release due to his "age, medical conditions, and the heightened risk of getting infected and possibly dieing [sic] from the coronavirus if exposed to it[.]" *Id*. This request was dated March 31, 2020. Cannon filed his motion on July 25, 2020, more than 30 days after he submitted his compassionate release request to BOP authorities. Thus, he has satisfied § 3582(c)(1)(A)'s requirements and the Court shall proceed to the merits.

**II.    The Merits**

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Cannon's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires the BOP to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released

4

Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances under this fourth category. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

"In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).

    A.    **Extraordinary and Compelling Reasons / U.S.S.G. § 1B1.13**

The First Step Act effectively transferred the power to determine whether "extraordinary and compelling reasons" exist from the BOP to the federal courts. *See, generally, United States v. Young*, 2020 WL 1047815 at *3-6 (M.D. Tenn. March 4, 2020) (describing changes in the statutory and regulatory standards that governed compassionate release motions from 1984 to the present). Before the First Step Act, the BOP made that call by applying a standard articulated by the United States Sentencing Commission in an Application Note to U.S.S.G. § 1B1.13. *Id*. Today, that finding is not predicated on either that Application Note or the BOP's judgment because the First Step Act gave the judiciary "the authority to reduce a prisoner's sentence upon the [C]ourt's independent finding of extraordinary or compelling reasons." *Id*. at *6 (collecting cases). To make this finding, the Court may still look to § 1B1.13's Application Note for guidance in applying this "vague standard." *United States v. Ebbers*, __ F.Supp.3d __, 2020 WL

5

91399 at *2 (S.D.N.Y. Jan. 8, 2020); *see also United States v. Beck*, 425 F.Supp.3d 573, 579 (M.D.N.C. 2019).[1]

To begin, § 1B1.13's Application Note provides certain circumstances in which a prisoner's medical condition constitutes an extraordinary and compelling reason for a sentence reduction:

> 1. **Extraordinary and Compelling Reasons.--**Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> **(A) Medical Condition of the Defendant.**
>>
>>> **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> **(ii)** The defendant is
>>>
>>>> **(I)** suffering from a serious physical or medical condition,
>>>>
>>>> **(II)** suffering from a serious functional or cognitive impairment, or
>>>>
>>>> **(III)** experiencing deteriorating physical or mental health because of the aging process,
>>>
>>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, comment. (n.1) (2018).

---

[1] Whether the Application Note to § 1B1.13 restricts the Court's analysis of "extraordinary and compelling reasons" or is merely guidance is not dispositive of this motion, or likely of any other similar motion. Even if § 1B1.13 is only guidance, the defendant's release must still be consistent with that section under 18 U.S.C. § 3582(c)(1)(A) (requiring a sentence reduction to be "consistent with applicable policy statements issued by the Sentencing Commission.")

Cannon's medical conditions are numerous and severe: diabetes, Stage-3 chronic kidney disease, obesity, hypertension, high cholesterol, and gout. According to the Centers for Disease Control, several of Cannon's conditions increase his risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 22, 2020) (listing obesity, coronary artery disease, and diabetes as conditions that place people at an increased list and hypertension as a condition that might place people at an increased risk). And Cannon's age is another factor that increases his risk of developing severe illness from COVID-19. *Older Adults*, CENTERS FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. (last accessed July 22, 2020).

The Government concedes that Cannon's medical conditions qualify as an extraordinary and compelling reason for his release. Thus, there is no dispute that Cannon has established "extraordinary and compelling reasons" or that his release would be consistent with the applicable policy statement issued by the Sentencing Commission. Moreover, the Court finds that Cannon has presented extraordinary and compelling reasons that justify compassionate release and that Cannon's release would be consistent with the applicable policy statements issued by the Sentencing Commission. "[T]he heightened risk of severe illness or death faced by [Cannon] if or when he inevitably comes in contact with the virus…creates the extraordinary and compelling circumstances here." *United States v. Rahim*, 2020 WL 2604857 at *3 (E.D. Mich. May 21, 2020).

The Court's conclusion on this issue is consistent with the conclusions of other courts in this district that have held that extraordinary and compelling reasons warrant the compassionate

release of defendants like Cannon during the COVID-19 pandemic. *See Rahim*, 2020 WL 2604857 at *2 (finding extraordinary and compelling reasons warranting compassionate release for a sixty-seven-year-old defendant with medical conditions including diabetes, hypertension, and coronary artery disease serving a sentence for health care fraud); *United States v. Saad*, 2020 WL 2251808 at *6 (E.D. Mich. May 5, 2020) (finding extraordinary and compelling reasons warranting compassionate release for seventy-one-year-old defendant with serious underlying health conditions including chronic kidney disease, hypertension, and diabetes serving sentence for non-violent conviction); *United States v. Pomante*, 2020 WL 2513095 at *7 (finding extraordinary and compelling reasons warranting compassionate release for sixty-nine-year-old defendant with serious underlying pre-existing medical conditions, including chronic kidney disease, hypertension, obesity, and diabetes serving sentence for non-violent conviction); *United States v. Al-Jumail*, 2020 WL 2395224 at *1 (E.D. Mich. May 12, 2020) (finding extraordinary and compelling reasons warranting compassionate release for sixty-year-old defendant with serious underlying health conditions including coronary artery disease, diabetes, and retinal disease serving sentence for non-violent conviction); *United States v. Reddy*, 2020 WL 2320093 at *1 (E.D. Mich. May 11, 2020) (finding extraordinary and compelling reasons warranting compassionate release for seventy-three-year-old defendant with serious underlying health conditions including diabetes, hypertension, and various orthopedic and pain-related problems serving sentence for non-violent conviction).

    **B.**    **Cannon's Threat under § 3142(g)**

18 U.S.C. § 3142(g) outlines factors to be considered when determining whether a defendant presents a danger to "the safety of any other person and the community:"

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

The Government argues that, applying these factors, Cannon is a danger to the community. During the hearing, the Government acknowledged that Cannon's criminal history *has not* included any violence or guns. But the Government contends that Cannon may pose a danger to the community if released because he will continue to engage in selling drugs.

The Court disagrees.

First, Cannon is now seventy-one years old, and has a host of medical issues. Second,

upon his release Cannon will have the full support – including financial support – of his six siblings and two children.  In addition, his family is opening a clothing store and Cannot will have the opportunity to work at that business. Based on the Court's intimate knowledge of this case and all of the information presented in connection with this motion, the Court concludes that Cannon is not a threat to the community under 18 U.S.C. § 3142(g).

### C. 18 U.S.C. § 3553(a) factors

To gain compassionate release, the 18 U.S.C. § 3553(a) sentencing factors must weigh in Cannon's favor.

(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed—

       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

       (B) to afford adequate deterrence to criminal conduct;

       (C) to protect the public from further crimes of the defendant; and

       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (1) the kinds of sentences available;

   (2) the kinds of sentence and the sentencing range established for—

       (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

           (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to

>>such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and that,

>(ii) except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

>(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

>(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

>(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.1

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

18 U.S.S.C. § 3553(a).

At sentencing, Cannon's Guidelines range was 188 to 235 months' imprisonment. After considering the § 3553(a) factors, the Court imposed a sentence at the bottom of that range.

While the sentence imposed was just, the Court finds that consideration of the factors set forth in § 3553(a) favor compassionate release. As the Government notes, the nature and circumstances of Cannon's offense was serious. But the Court finds that releasing Cannon to

home confinement after he has served a significant amount of time in prison would be consistent with the other § 3553(a) factors, and that those factors outweigh the seriousness-of-offense factor.

Clearly, Cannon's most relevant personal characteristic is his health and vulnerability to COVID-19. As described above, Cannon has several serious medical conditions that increase his risk of severe illness or death from COVID-19. Moreover, the Court is confident that the length of the prison sentence that Cannon has already served, plus additional time on home confinement and supervised release, reflects the seriousness of his offense, promotes respect for the law, provides just punishment, and affords adequate deterrence to criminal conduct. Given Cannon's age and health, his lack of any history of violence or guns, and the strong family support that is now in place for him, this Court does not believe that Cannon's release will endanger the public or encourage him to commit further crimes. And Cannon's release will not produce unwarranted sentencing disparities because it accounts for his unique medical conditions in light of the COVID-19 pandemic. Thus, the Court concludes that granting compassionate release to Cannon would be consistent with and supported by the § 3553(a) factors.

## CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Cannon's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c) is **GRANTED**. The custodial portion of Cannon's sentence is reduced to time served, and the Court imposes a new term of supervised release equal to the unserved portion of the original term of imprisonment (as calculated by the BOP). Following the completion of this newly imposed term of supervised release, Cannon shall begin serving the four-year term of supervised release that the Court imposed in its original Judgment.

As a condition of Cannon's newly imposed term of supervised release, he shall participate in the Location Monitoring Program utilizing technology determined by the Probation Department for 12 months and abide by all the requirements of the Program. During this term, Cannon shall be restricted to his residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer (home detention).

In addition to the home confinement described above, the newly imposed term of supervised release shall include all mandatory, standard, and special conditions included in Cannon's original term of supervised release, as described in the Court's original Judgment (ECF No. 45). Defendant's original sentence remains unchanged in all other respects.

Finally, upon release, Cannon must self-quarantine at home for 14 days.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 5, 2020